UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND
DETROIT AND VICINITY, ET AL.,

          CASE NO. 05-CV-60059
   Plaintiffs,  JUDGE MARIANNE O. BATTANI
          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

M AND B CONCRETE AND
CONSTRUCTION, INC., ET AL.

   Defendants,

            /

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY AS TO DEFENDANTS M&B CONCRETE, INC.; M&B CEMENT, INC.; M&B CONCRETE AND CONSTRUCTION, INC.; RMB POURED WALLS, INC.; MARK BROWN; JOHN BROWN and ROBERT JARVIS (Doc. Ent. 37)**

**I. OPINION**

**A. Background and Procedural History**

On March 11, 2005, plaintiffs (several Labor Management Relations Act (LMRA) and Employee Retirement Income Security Act (ERISA) trust funds) filed a complaint against M&B Concrete and Construction, Inc. and several other defendants. (Doc. Ent. 1 [Compl.]). Plaintiffs claim that the M&B defendants and defendants John Brown, Mark E. Brown and Robert Jarvis breached the fringe benefit provisions of certain collective bargaining agreements and "acted contrary to applicable law by failing to timely pay all the contributions they were obligated to pay." Compl. ¶¶ 9, 10. Furthermore, plaintiffs claim that defendants John Brown, Mark E. Brown and Robert Jarvis failed to remit the required contributions in breach of their fiduciary duty. Compl. ¶ 15.

On March 30, 2005, the M&B defendants filed a motion to dismiss in which they argued that plaintiff's claims were untimely and plaintiff's complaint did not allege fraud with the requisite particularity. (Doc. Ent. 10). On June 9, 2005, Judge Battani entered an order denying the motion to dismiss the complaint as untimely and deeming moot defendants' argument regarding fraud. (Doc. Ent. 23).[1]

**B.    The Instant Motion to Compel**

On August 10, 2005, plaintiffs filed a motion to compel discovery as to defendants M&B Concrete, Inc.; M&B Cement, Inc.; M&B Concrete and Construction, Inc.; RMB Poured Walls, Inc.; Mark Brown; John Brown and Robert Jarvis (Doc. Ent. 37 [Mtn.]).[2] Plaintiffs seek "complete written responses to [their June 13, 2005] document requests," "examination and related activities of the documents requested," and reimbursement "for their costs and attorneys' fees associated with making this motion." Mtn. at 2.

The June 13, 2005 requests for production of documents are numbered 1-27. Plaintiffs describe the information sought by requests for production numbers 1-11 as necessary to perform an updated audit. Plaintiffs describe all requests for production of documents as relating to the alter ego and/or veil piercing claims. Mtn. Br. at 2.

---

[1]On May 23, 2005 and May 24, 2005, cross-plaintiff Defined Employee Management, Inc. filed a cross-claim against RMB Poured Walls, Inc. (Doc. Ent. 22), (Doc. Ent. 20). On June 10, 2005, defendant RMB Poured Walls, Inc. filed a motion to dismiss cross-claim. (Doc. Ent. 25). However, on July 25, 2005, Judge Battani signed a stipulated order to dismiss the cross-claim without prejudice. (Doc. Ent. 36). On September 21, 2005, Judge Battani entered an order dismissing defendant Defined Employee Management, Inc. without prejudice. (Doc. Ent. 49).

[2]On August 11, 2005, Judge Battani referred this motion to me for determination. (Doc. Ent. 38). On August 12, 2005, my Courtroom Deputy Clerk noticed the motion for hearing on August 31, 2005. (Doc. Ent. 39). However, on August 25, 2005, plaintiffs' counsel filed a notice of adjournment and notice of hearing for September 16, 2005. (Doc. Ent. 45).

Plaintiff's make two arguments in support of their motion.  First, plaintiffs argue that "[d]efendants are required by contract, federal law and the court rules to maintain the requested documents and permit discovery[.]" Mtn. Br. at 2-4.  Second, plaintiffs argue that "defendants have violated the contract, federal law and the court rules by denying examination of the requested documents[.]" Mtn. Br. at 4-15.  In support of their second argument, they maintain that (A) "[d]efendants do possess such documents[;]" (B) "[d]efendants cannot refuse examination of the documents requested[;]" (C) "[p]laintiffs' requests are not vague or over broad and do comply with [Fed. R. Civ. P. 26][;]" and (D) "[p]laintiffs' document requests do not require that defendants create documents that would be privileged[.]" Mtn. Br. at 4-15.

On August 23, 2005, the M&B defendants filed a response to plaintiff's motion to compel.  (Doc. Ent. 40 [Rsp.]).  They argue that (A) "[t]he M&B defendants cannot produce non-existent documents[;]" (B) "M&B defendants seek to produce certain documents under confidentiality[;]" (C) "[t]he 'vague' and 'overly-broad' objections are well-founded[;]" (D) "[p]laintiffs' 'alter-ego' or 'piercing' allegations do not justify broad discovery[;]" and (E) "[p]laintiffs' request for previously-provided documents is wasteful[.]"

On August 30, 2005, plaintiffs filed a reply.  (Doc. Ent. 46 [Rpl.]).  They claim that "[t]he M&B defendants have control of the documents[;]" and "[p]laintiffs' document requests meet the requirements of [Fed. R. Civ. P. 26][.]"

**C.     The September 16, 2005 hearing**

3

On September 16, 2005, I held a hearing regarding this motion,[3] as well as the M&B defendants' August 23, 2005 motion for protective order (Doc. Ent. 41).[4]  At the hearing, I denied the motion for protective order.  Also, I took the motion to compel under advisement with the directive that defendant provide amended responses to plaintiff and with the understanding that if the amended responses did not provide the relief being sought then plaintiff should request a further conference call.

On the same day, I signed an order denying the motion for protective order.  (Doc. Ent. 48).  In that order, I provided that the M and B defendants would have twenty-one (21) days to provide plaintiffs' counsel with amended responses to the requests for production of documents.  I further provided that, following review of the amended responses, plaintiffs' counsel might request a telephone conference between counsel of record and me to discuss any issues presented by the amended responses.

Counting from the date of the hearing, amended responses were due on October 7, 2005.  As of the signing of this order, plaintiff's counsel has not requested a telephone conference to discuss any issues presented by the amended responses.  Therefore, the Court assumes that no issues were presented by the amended responses and denies plaintiffs' August 10, 2005 motion to compel.

**II.    ORDER**

---

[3]Attorney Robert A. Farr, Jr. appeared on behalf of plaintiffs, and attorney Kent S. Siegel appeared on behalf of the M&B defendants.

[4]Although defendants' August 23, 2005 motion for protective order does not specifically mention the plaintiff's June 13, 2005 requests for production of documents, the motion describes a request for production number 4 that essentially mirrors the request for production number 4 in exhibit B to plaintiffs' August 10, 2005 motion to compel.

Consistent with the foregoing opinion, plaintiffs' August 10, 2005 motion to compel discovery (Doc. Ent. 37) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 10/11/05

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 11, 2005.
>
> s/Eddrey Butts
> Case Manager